IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

  v.    :    Case No. 2:08-cr-0043(1)

Lawrence D. Dempster,    :    JUDGE WATSON

    Defendant.    :

DETENTION ORDER

    The Court held a detention hearing in this case on April 14, 2008.  No evidence was presented at the hearing.  Counsel stipulated that, at the time of his arrest, the defendant was in possession of an amount of cocaine and more than $2700.00 in cash.  After hearing argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

    Defendant was indicted on March 6, 2008.  He is charged with conspiring to distribute and possess with the intent to distribute more than 500 grams of cocaine, with the possession of the same amount of cocaine, and with misdemeanor marijuana possession.  Those offenses allegedly occurred on November 9, 2006.  The first two charges carry with them a presumption of detention, explained as follows.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably

>           assure the appearance of the person
>           as required and the safety of the
>           community if the judicial officer
>           finds that there is probable cause to
>           believe that the person committed an
>           offense for which a maximum term of
>           imprisonment of ten years or more is
>           prescribed in the Controlled Substances
>           Act (21 U.S.C. 801 et seq)...[or] an
>           offense under section 924(c)...of this
>           title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties

outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services report, defendant has prior convictions for robbery, obstructing justice, carrying a concealed weapon, assault, marijuana possession, and trafficking in marijuana.  On at least one occasion, he was found to be a probation violator and had his probation revoked.  The offenses alleged in the indictment occurred less than three weeks after the defendant's completion of a three-year jail term for trafficking in marijuana.  He has a very sporadic employment history and a history of substance abuse.  He has lived in the Marion, Ohio area all of his life and could live with his mother if released on bond.

The defendant did not rebut the presumption that is created

-3-

by his indictment on serious drug charges. Other than ties to the community, there are no positive factors favoring release. He has an extensive criminal record, with both drug and weapons convictions, and engaged in new and serious criminal activity less than three weeks after serving a three-year sentence for drug trafficking. He cannot account for the money he was carrying at the time of arrest, and he also had drugs in his possession at that time. For all of these reasons, the Court detained the defendant without bond pending trial.

    The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge