UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Lawrence D. Dempster,**

    **Petitioner,**

v.                                   Case Nos. 2:10-cv-85, 2:08-cr-43(1)

**United States of America,**            Judge Michael H. Watson

    **Respondent.**

## OPINION AND ORDER

On September 9, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate under 28 U.S.C. § 2255 be dismissed. ECF No. 85. Petitioner has filed an objection to that recommendation. For the following reasons, and after a *de novo* review of the issues raised by petitioner, the objection will be overruled and this case will be dismissed.

The gist of petitioner's request that his sentence be vacated is his belief that his attorney was constitutionally ineffective in not challenging the amount of cocaine involved in this case. Petitioner pleaded guilty to possessing more than 500 grams of cocaine with the intent to distribute it; however, in his motion to vacate, he consistently asserts that the actual amount of cocaine found in the trunk of his car was 476 grams. Thus, notwithstanding his guilty plea and the fact that he acknowledged, at the guilty plea colloquy, that he possessed in excess of 500 grams of cocaine, he contends that he should not have been held accountable for that amount of narcotics. The Report and Recommendation rejected this argument based primarily upon the fact that the weight of cocaine to which petitioner pleaded guilty (523.1 grams) was derived from laboratory reports showing that three separate packages of cocaine were seized from petitioner's car, and that, together, they

weighed that amount. Although an earlier weighing by the Delaware County Sheriff's Office did show a lesser weight, petitioner's attorney elected not to challenge the final laboratory reports based on his belief that the earlier weighing process was "less than exact" and that putting forth the alternative hypothesis—namely, that law enforcement agents added cocaine to the packages after their seizure—would have been very difficult to prove.

In his objections, petitioner continues to assert that there is a serious question about the reliability of the second weighing of the cocaine, and he requests a hearing to determine why the discrepancy occurred between the two weighings. He also repeats his assertion that his attorney was constitutionally ineffective for failing to press this issue and for being unwilling to contest the government's assertion that the amount of cocaine involved in the case exceeded 500 grams. Petitioner claims that in the face of his attorney's refusal to contest this issue, he had no choice but to plead guilty, but that the choice was directly influenced by his counsel's ineffective performance. He also characterizes his counsel's conduct as the failure to present mitigating evidence, and notes that such failures have been recognized by the courts as support for a claim of ineffective assistance of counsel.

Petitioner's argument concerning mitigating evidence is entirely without merit. Once he pleaded guilty to the charge of possessing more than 500 grams of cocaine with the intent to distribute it, this Court could not have taken into consideration, for sentencing purposes, evidence that the actual weight of the cocaine was less than 500 grams. Possession of less than 500 grams of cocaine with the intent to distribute it is a different offense and does not carry with it a mandatory minimum penalty, and the Court could not have both accepted petitioner's guilty plea to the greater offense and then sentenced him as if he had committed the lesser offense. Further, the difference between 500 and 523.1 grams of cocaine is

immaterial for sentencing purposes. Additionally, petitioner's first claim—that he is entitled to a hearing about the discrepancies in the two weights—is one of those claims which is foreclosed by his guilty plea. Had he wanted to contest the government's proof that he committed the offense which he pleaded guilty to, he was entitled to have a trial. He specifically waived that right by pleading guilty, and that fact was explained to him at the plea hearing. Consequently, the only claim of any substance is his claim that his attorney performed ineffectively by, in essence, forcing him to plead guilty because his attorney unreasonably declined to take issue with the weight of the cocaine which was advocated by the government.

The Report and Recommendation notes that claims of ineffective assistance of counsel pertaining to the guilty plea process are not waived by the plea itself, and must be judged under the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under that standard, a petitioner claiming ineffective assistance of counsel must show both that counsel's performance was deficient—that is, that counsel's performance fell below what is reasonably expected from a competent attorney faced with the same situation—and that the petitioner was prejudiced by counsel's failure to perform in an acceptable manner. In the context of a guilty plea, the Supreme Court has stated that:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. In the context of guilty pleas, the first half of *Strickland v. Washington* test is nothing more than a restatement of attorney competence. . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

3

*Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

The Court assumes, for purposes of this case, that it would have been possible for counsel to make a reasonable argument that petitioner possessed less than 500 grams of cocaine, and that it would have been possible for counsel to challenge the amount of cocaine attributed to petitioner in the statement of facts read into the record at the guilty plea colloquy.  However, counsel is not necessarily ineffective for failing to raise every issue suggested by the facts of the case.  Rather, counsel is permitted to pick and choose among various issues to raise, and if counsel has made an informed and strategic choice not to pursue an issue, that choice is generally unassailable so long as it is reasonably made.  See *Strickland,* 466 U.S. at 690-91.

As a general matter, counsel does not perform ineffectively by failing to challenge the weight of narcotics when laboratory reports support the government's position on that issue.  See, e.g., *Grayson v. United States*, 1997 WL 695566, *2 (S.D.N.Y. Nov. 6, 1997) ("Because the weights in the presentence report were supported by laboratory analyses performed by chemists, [defendant's] lawyer did not perform in an objectively unreasonable fashion by failing to challenge them").  It is also not unreasonable to conclude that a first weighing may be less accurate than a second, which is usually based on a more meticulous approach.  See, e.g., *Warren v. United States*, 2005 WL 165385 (D. Conn. Jan. 25, 2005).  Finally, it is not unreasonable to counsel a defendant that the chances of prevailing at trial on an argument that the government's laboratory tests were inaccurate—and that the likely explanation for the discrepancy between those tests and earlier tests done by state law enforcement officials is that the evidence was tampered with—are slim, and that by going to trial and losing, the defendant would forfeit

the benefit of the plea agreement. That is what appears to have happened here.

Finally, the Court notes that the decision not to go to trial, and, instead, to plead guilty to the specific offense of possession of more than 500 grams of cocaine, was made by petitioner and not by his attorney. Even if his attorney was unwilling to challenge the amount of cocaine involved in the case, petitioner did not have to plead guilty. He could have insisted on his right to a trial and asked to have new counsel appointed. There is no indication in the record that he did so. Indeed, at the plea hearing petitioner indicated that he was satisfied with counsel's representation and advice. Plea Hr'g Tr. 4, ECF No. 75. If he relied on counsel's advice in choosing to plead guilty, as the Court has explained, nothing about that advice was unreasonable. Therefore, petitioner cannot satisfy the first prong of the *Strickland* test. It is thus unnecessary to resolve the question of whether he was in any way prejudiced by his counsel's failure to challenge the weight of the cocaine involved, although, on this record, it is very unlikely that petitioner could demonstrate a "reasonable probability" that the outcome of his case would have been different had counsel raised such a challenge. See *Strickland*, 466 U.S. at 694.

For all of the above reasons, petitioner's objections (ECF No. 88) are overruled and the *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**